UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

PAMELA STERK,                    )
                                 ) No. CV-04-3109-CI
          Plaintiff,             )
                                 ) ORDER DENYING PLAINTIFF'S
v.                               ) MOTION FOR SUMMARY JUDGMENT
                                 ) AND DIRECTING ENTRY OF
JO ANNE B. BARNHART,             ) JUDGMENT FOR DEFENDANT
Commissioner of Social           )
Security,                        )
                                 )
          Defendant.             )
                                 )

     BEFORE THE COURT are cross-Motions for Summary Judgment (Ct.
Rec. 9, 13), submitted for disposition without oral argument on
April 11, 2005.   Attorney D. James Tree represents Plaintiff;
Special Assistant United States Attorney Joanne E. Dantonio
represents Defendant.   The parties have consented to proceed before
a magistrate judge.   (Ct. Rec. 4.)   After reviewing the
administrative record and the briefs filed by the parties, the court
**DENIES** Plaintiff's Motion for Summary Judgment and directs entry of
judgment for Defendant.

     Plaintiff, who was 51-years-old at the time of the
administrative decision, filed applications for Social Security
disability benefits on January 19, 2001, and protectively filed for
Supplemental Security Income benefits on December 26, 2000, alleging
onset as of December 26, 1999, due to physical and mental

impairments.  (Tr. at 208.) Plaintiff completed the eleventh grade with one year of vocational training and past work experience as a sales clerk, seamstress, care giver, cashier, and babysitter.  (Tr. at 82.)  Following a denial of benefits and reconsideration, a hearing was held before ALJ Edward Nichols (ALJ).  The ALJ denied benefits after concluding Plaintiff was able to perform her past relevant work as a cashier or seamstress.  Review was denied by the Appeals Council. This appeal followed.  Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

## PRIOR APPLICATIONS

Plaintiff previously filed concurrent disability and SSI applications on December 16, 1994; those applications were initially denied and then adjudicated by ALJ Denny Allen.  The ALJ found Plaintiff was disabled due to carpal tunnel syndrome for a closed period between December 7, 1994, and May 1, 1996.  No appeal was taken from that decision.

In the process of addressing the current applications, ALJ Nichols found Plaintiff had an unadjudicated period of disability from May 24, 1996, to the onset date alleged in the present application of December 26, 1999; under *Chavez v. Bowen*, 844 F.21d 691 (9th Cir. 1988) and Acquiescence Ruling 97-4(9), a presumption arose of continuing non-disability following the end of the closed period until the new onset date.  ALJ Nichols found Plaintiff had not rebutted the presumption and the prior closed period of disability remained the law of the case.  There is no challenge to this finding.

## ADMINISTRATIVE DECISION

The ALJ concluded Plaintiff met the disability insured

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT  - 2

1 | requirements through March 31, 2001. She had not engaged in
2 | substantial gainful activity due to severe impairments including
3 | degenerative disc disease of the lumbar spine, hepatitis C, and drug
4 | use/abuse, but those impairments were found to not meet the
5 | Listings.   The ALJ concluded Plaintiff's carpal tunnel syndrome
6 | following surgery, and allegations of memory loss and depression
7 | were non-severe. (Tr. at 21.)   The ALJ concluded Plaintiff's
8 | testimony was not fully credible and that she retained the residual
9 | capacity to perform light work.   (Tr. at 25.)   The ALJ found
10 | Plaintiff was able to perform her past relevant work as a cashier
11 | and seamstress.  Thus, there was no finding of disability.

12 | **ISSUES**

13 | The question presented is whether there was substantial
14 | evidence to support the ALJ's decision denying benefits and, if so,
15 | whether that decision was based on proper legal standards. Plaintiff
16 | asserts the ALJ erred when he (1) improperly rejected the opinion of
17 | the treating physician and (2) failed to conduct a proper step four
18 | analysis.

19 | **STANDARD OF REVIEW**

20 | In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the
21 | court set out the standard of review:

22 |     The decision of the Commissioner may be reversed only if
it is not supported by substantial evidence or if it is
23 | based on legal error. *Tackett v. Apfel*, 180 F.3d 1094,
1097 (9th Cir. 1999). Substantial evidence is defined as
24 | being more than a mere scintilla, but less than a
preponderance. *Id.* at 1098. Put another way, substantial
25 | evidence is such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion.
26 | *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the
evidence is susceptible to more than one rational
27 | interpretation, the court may not substitute its judgment
for that of the Commissioner. *Tackett*, 180 F.3d at 1097;
28 | *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING
ENTRY OF JUDGMENT FOR DEFENDANT   - 3

1   (9th Cir. 1999).

2        The ALJ is responsible for determining credibility,
    resolving conflicts in medical testimony, and resolving
3   ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
    Cir. 1995). The ALJ's determinations of law are reviewed
4   *de novo*, although deference is owed to a reasonable
    construction of the applicable statutes. *McNatt v. Apfel*,
5   201 F.3d 1084, 1087 (9th Cir. 2000).

6                      **SEQUENTIAL PROCESS**

7   Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the

8   requirements necessary to establish disability:

9        Under the Social Security Act, individuals who are
    "under a disability" are eligible to receive benefits. 42
10  U.S.C. § 423(a)(1)(D). A "disability" is defined as "any
    medically determinable physical or mental impairment"
11  which prevents one from engaging "in any substantial
    gainful activity" and is expected to result in death or
12  last "for a continuous period of not less than 12 months."
    42 U.S.C. § 423(d)(1)(A). Such an impairment must result
13  from "anatomical, physiological, or psychological
    abnormalities which are demonstrable by medically
14  acceptable clinical and laboratory diagnostic techniques."
    42 U.S.C. § 423(d)(3). The Act also provides that a
15  claimant will be eligible for benefits only if his
    impairments "are of such severity that he is not only
16  unable to do his previous work but cannot, considering his
    age, education and work experience, engage in any other
17  kind of substantial gainful work which exists in the
    national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus,
18  the definition of disability consists of both medical and
    vocational components.
19
         In evaluating whether a claimant suffers from a
20  disability, an ALJ must apply a five-step sequential
    inquiry addressing both components of the definition,
21  until a question is answered affirmatively or negatively
    in such a way that an ultimate determination can be made.
22  20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The
    claimant bears the burden of proving that [s]he is
23  disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.
    1999). This requires the presentation of "complete and
24  detailed objective medical reports of h[is] condition from
    licensed medical professionals." *Id.* (citing 20 C.F.R. §§
25  404.1512(a)-(b), 404.1513(d)).

26                          **ANALYSIS**

27  1. <u>Treating Physician</u>

28       Plaintiff asserts the ALJ failed to properly reject the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING
ENTRY OF JUDGMENT FOR DEFENDANT  - 4

1   opinions of her treating physicians, Sophie Gomez, M.D. and Shirley

2   Mauch, D.O., who concluded Plaintiff was limited to sedentary work

3   due to degenerative disease of the lumbar and cervical spine and

4   left ankle weakness.  (Tr. at 137-40 (Gomez, August 1995), 305-06

5   (Mauch, January 2001), 311-12 (Mauch, April 2001), 339-40 (Mauch,

6   June 2001).)  Plaintiff contends this conclusion is supported by a

7   1995 CT scan which revealed spondylosis of the cervical spine,

8   uncovertebral spurring, and diffuse bulging of the lumbar spine.

9   Plaintiff further argues the ALJ improperly rejected any limitations

10  associated with her carpal tunnel syndrome; Dr. Mauch concluded

11  Plaintiff suffered from bilateral hand weakness constituting a

12  marked impairment.    (Tr. at 305, 311, 339.)    Additionally,

13  consultant Dr. Norm Staley concluded in August 2001 Plaintiff was

14  limited in fine manipulation and fingering skills secondary to her

15  history of carpal tunnel syndrome. Finally, Plaintiff contends the

16  ALJ improperly rejected Dr. Mauch's consistent findings of

17  depression and memory loss, confirmed by Dr. Toews.   (Tr. at 305,

18  311. 339.)   Moreover, the agency found in February 1997 that

19  Plaintiff's depression met or equaled the Listings.  (Tr. at 179-

20  80.)

21      In a disability proceeding, the treating physician's opinion is

22  given special weight because of his familiarity with the claimant

23  and his physical condition. *See Fair v. Bowen*, 885 F.2d 597, 604-05

24  (9th Cir. 1989).   If the treating physician's opinions are not

25  contradicted, they can be rejected only with clear and convincing

26  reasons.   *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If

27  contradicted, the ALJ may reject the opinion if he states state

28  specific, legitimate reasons that are supported by substantial

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING
ENTRY OF JUDGMENT FOR DEFENDANT   - 5

1   evidence. *See Flaten v. Secretary of Health and Human Serv*., 44 F.3d

2   1453, 1463 (9th Cir. 1995); *Fair*, 885 F.2d at 605.  While a treating

3   physician's uncontradicted medical opinion will not receive

4   "controlling weight" unless it is "well-supported by medically

5   acceptable clinical and laboratory diagnostic techniques," Social

6   Security Ruling 96-2p, it can nonetheless be rejected only for

7   "'clear and convincing' reasons supported by substantial evidence in

8   the record." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir.

9   2001) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir.

10  1998)).   Historically, the courts have recognized conflicting

11  medical evidence, the absence of regular medical treatment during

12  the alleged period of disability, and the lack of medical support

13  for doctors' reports based substantially on a claimant's subjective

14  complaints of pain, as specific, legitimate reasons for disregarding

15  the treating physician's opinion.  *See Flaten*, 44 F.3d at 1463-64;

16  *Fair*, 885 F.2d at 604. Here, the opinions of the treating physicians

17  are contradicted by the opinions of the examining physicians.

18  A.   Mental Impairment

19      In his decision, the ALJ chose to rely on the opinion of the

20  examining physicians, Drs. Toews, Beaty, and Kester who concluded

21  mental impairments were non-severe.  (Tr. at 410.)

22      With respect to mental limitations, the ALJ noted:

23      ...I cannot credit the claimant on her allegations of
        depression and memory difficulties.  While the claimant's
24      treating doctor alluded to depression, it was not
        diagnosed by any mental health professional.  The claimant
25      professes anhedonia, but she is out and about doing
        shopping and child care, and she claims to read a lot.
26
        ...
27
        ...Moreover, the claimant's case is not helped by the fact
28      that she basically has no mental health treatment despite

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING
ENTRY OF JUDGMENT FOR DEFENDANT   - 6

1  her allegations of profound handicap due to memory
   difficulties. One would think if she were so distressed,
2  she would seek treatment.

3  (Tr. at 22, 23, references to exhibits and cases omitted.) These

4  findings are legitimate and specific and supported by the record.

5  *Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604.

6     Although the agency opined in 1997 that Plaintiff's mental

7  impairments[1] were serious enough to meet the Listings absent a

8  finding of materiality of her drug and alcohol dependence, and, as

9  a result, she may have been entitled to an open period of benefits,

10 that opinion was rejected by the Appeals Council. (Tr. at 179-181.)

11 Plaintiff did not appeal the award of a closed period of benefits;

12 her date of onset alleged in the instant application is December

13 1999. Thus, the non-medical opinion offered by agency personnel in

14 1997 is not persuasive.

15    Although Dr. Mauch consistently noted depression and memory

16 loss in her evaluations for DSHS purposes, there are no clinic notes

17 or objective testing to support these diagnoses. Additionally,

18 although Plaintiff indicated she was taking Prozac at the time of

19 the administrative hearing (Tr. at 498) and that the dose had been

20 increased, there are no records indicating such a prescription. The

21 _____

22    [1]It appears the agency was relying on findings by Dr. Beaty in

23 March 1995 that Plaintiff would have several moderate limitations

24 sue to personality disorder and substance abuse (heroin addiction).

25 (Tr. at 38-39.)The agency's opinion was based on regulations which

26 permitted an award of benefits for substance addiction. The law has

27 since been amended so that benefits will be denied if substance

28 abuse is material to a finding of disability.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING
ENTRY OF JUDGMENT FOR DEFENDANT  - 7

1   prescription record provided to Central Washington Comprehensive
2   Mental Health disclosed only Celebrex.  (Tr. at 383.)

3       The record further discloses Plaintiff was fairly active with
4   family life and household chores.  (Tr. at 314, 246.) Dr. Toews,
5   during his examination, noted Plaintiff was independent for
6   activities of daily living, and spent her time reading, walking,
7   assisting her grandchildren with getting ready for school, and doing
8   household chores.  Plaintiff was fully oriented, her attention and
9   concentration and Trails tests were within normal limits.  (Tr. at
10  314.) Results of memory testing were suspect, indicative of
11  motivation problems.  Dr. Toews' also noted Plaintiff was suffering
12  from methadone withdrawal and deconditioning and that she would
13  benefit from an assessment and medication treatment for depression.
14  (Tr. at 316.)  He assessed her global assessment of functioning
15  (GAF) at 52, indicative of moderate impairment, after diagnosing
16  methadone withdrawal, substance induced mood disorder, rule out
17  exaggeration of memory problems.  (Tr. at 316.)  DIAGNOSTIC AND
18  STATISTICAL MANUAL OF MENTAL DISORDERS, FOURTH EDITION (DSM-IV), at 32 (1995).
19  Based on the diagnosis, the record reflects the moderate limitations
20  may have been due to substance withdrawal, not depression or memory
21  impairment.  The opinion of an examining physician, when supported
22  by independent clinical findings, constitutes substantial evidence.
23  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

24      A review of records from Central Washington Comprehensive
25  Mental Health dated July 2001 indicates treatment only for a re-
26  occurrence of heroin addiction following termination of methadone
27  treatments.  (Tr. at 375-393.)  Plaintiff did not report emotional
28  problems and described her mood as "good."  (Tr. at 389.)  The goal

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING
ENTRY OF JUDGMENT FOR DEFENDANT   - 8

1 | of the treatment plan was to assist with total remission of her
2 | addiction.  (Tr. at 393.)

3 |     At step two of the sequential process, the ALJ must conclude
4 | whether Plaintiff suffers from a "severe" impairment, one which has
5 | more than a slight effect on the claimant's ability to work.  To
6 | satisfy step two's requirement of a severe impairment, the claimant
7 | must prove the existence of a physical or mental impairment by
8 | providing medical evidence consisting of signs, symptoms, and
9 | laboratory findings; the claimant's own statement of symptoms alone
10 | will not suffice.  20 C.F.R. §416.908.  The effects of all symptoms
11 | must be evaluated on the basis of a medically determinable
12 | impairment which can be shown to be the cause of the symptoms.  20.
13 | C.F.R. § 416.929.  Once medical evidence of an underlying impairment
14 | has been shown, medical findings are not required to support the
15 | alleged severity of pain.  *Bunnell v. Sullivan*, 947 F.2d 341, 345
16 | (9th Cir. 1991).  However, an overly stringent application of the
17 | severity requirement violates the statute by denying benefits to
18 | claimants who do meet the statutory definition of disabled.  *Corrao*
19 | *v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994).  Thus, the
20 | Commissioner has passed regulations which guide dismissal of claims
21 | at step two.  Those regulations state an impairment may be found to
22 | be not severe *only* when evidence establishes a "slight abnormality"
23 | on an individual's ability to work.  *Yuckert v. Bowen*, 841 F.2d 303,
24 | 306 (9th Cir. 1988) (citing Social Security Ruling 85-28). The ALJ
25 | must consider the combined effect of all of the claimant's
26 | impairments on the ability to function, without regard to whether
27 | each alone was sufficiently severe.    *See* 42 U.S.C. §
28 | 423(d)(2)(B)(Supp. III 1991).  The step two inquiry is a *de minimis*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING
ENTRY OF JUDGMENT FOR DEFENDANT   - 9

1  screening device to dispose of groundless or frivolous claims.

2  *Bowen v. Yuckert*, 482 U.S. 137, 153-154.   The ALJ did not err in

3  rejecting Plaintiff's mental impairments as non-severe; there is no

4  objective medical evidence to support limitations attributable to

5  depression and memory loss.

6  2.  Physical Impairment

7      The ALJ also relied on the findings of examining physician, Dr.

8  James Damon, who concluded there were no objective findings on which

9  to base physical limitations.  (Tr. at 20-21.)  With respect to the

10 physical limitations noted by Dr. Mauch, the ALJ found:

11       No treating source has restricted the claimant from all
         work activity.   Dr. Mauch consistently restricted the
12       claimant to sedentary work on her check-box forms for
         general assistance welfare purposes.  However, this is not
13       supported by her minimal examination documentation.   For
         example on examination in July 2000, she noted continued
14       lumbar paravertebral muscle tenderness to palpation and
         movement without evidence of any neurovascular deficits.
15       In short, these appear to be opinions of accommodation to
         enhance claimant's opportunities to obtain funding as
16       opposed to well supported assessments of her abilities.

17 (Tr. at 24, references to exhibits omitted.)  These findings are

18 specific and legitimate and supported by the record.

19     A brief or conclusory opinion by a treating physician is not

20 entitled to persuasive weight. *Young v. Heckler*, 803 F.2d 963, 968

21 (9th Cir. 1986). Dr. Mauch's summary conclusion Plaintiff was

22 limited to sedentary work is not supported by clinical findings.

23 Although there is a CT scan dated 1995 indicating mild spondylosis

24 at C5-6 with mild uncovertebral spurring and degenerative disc

25 disease at L4-5 with hypertrophic facet arthrosis at L4-5, L4-S1,

26 there are no objective tests which demonstrate deterioration of

27 Plaintiff's condition in 1999, the new onset date.  (Tr. at 126.)

28 Moreover, Plaintiff exhibited positive Waddell's signs, evidence of

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING
ENTRY OF JUDGMENT FOR DEFENDANT   - 10

malingering.   (Tr. at 338.) Finally, Plaintiff indicated to Dr. Mauch in 2000 that she was working currently as a child care provider and that her pain medication had dropped her pain level from ten to four.  (Tr. at 351.)  Plaintiff reported again in August 2001 that she was feeling well as a result of her pain medication. (Tr. at 442.)  Dr. Mauch opined there was a correlation between Plaintiff's access to methadone and her complaints of back pain. (Tr. at 353.)

Dr. Damon, who examined Plaintiff in 2001, found normal gait, heel and toe walk, tandem gait, an ability to squat and rise, and no evidence of spasm.  (Tr. at 307.)  Plaintiff's range of motion was within normal limits, her grip strength was tested at 45 pounds, and her finger-thumb interaction was normal.  (Tr. at 307-308.)  Dr. Damon concluded there were no objective findings resulting in no limitations.   As noted earlier, the findings of an examining physician when supported by independent clinical tests, are substantial evidence. *Magallanes,* 881 F.2d at 751.

2.  Rejection of Lay Witness Testimony

Plaintiff contends the ALJ did not properly reject the observations of the lay witness, Plaintiff's daughter who provided observations particularly with respect to Plaintiff's depression. (Tr. at 507-509.)  Ms. Moore stated her mother did not participate in family activities, did not socialize, and spent her time watching television and sleeping.  Ms. Moore also stated she assisted her mother with taking showers.

"[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work *is* competent evidence and therefore *cannot* be disregarded without a statement reasons that are

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT   - 11

germane to each witness." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) (other citations omitted).  The ALJ referred to Ms. Moore's testimony and indicated Plaintiff's decision to spend her time in the house was a volitional choice, or due to finances and not to any medical impairment documented in the record.  The ALJ noted Plaintiff had "managed to work" buying illicit drugs until  a year before his decision.  (Tr. at 24.)  The record does not disclose a diagnosis of depression based on a clinical examination or testing.  Thus, the ALJ's rejection that Plaintiff's lack of activity was not caused by a medical impairment is supported by the record.

3.  Step Four Analysis

Plaintiff contends the ALJ failed to conduct an adequate step four analysis as required by Social Security Ruling (SSR) 82-62. That ruling necessitates findings of fact as to the claimant's residual functional capacity, the physical and mental demands of the past work, and a finding the RFC would permit a return to the past work.  The ALJ concluded Plaintiff was capable of performing light work (functional capacity to lift and carry a maximum of 20 pounds, stand and walk for about six hours, and sit for about two hours in an eight-hour workday), that she had past relevant work as a cashier and seamstress (activity that was within the limits of her current RFC, see Tr. at 51), and that she could return to that past relevant work as previously performed by her.  (Tr. at 24.)  Were this court to conclude the ALJ improperly found Plaintiff's work as a seamstress to be SGA (Tr. at 72), the error by the ALJ is harmless because Plaintiff also had past relevant work at the SGA level as a

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING
ENTRY OF JUDGMENT FOR DEFENDANT   - 12

1 cashier.  *Curry v. Sullivan*, 925 F.2d 1127, 1129 (9th Cir. 1991)

2 (whether findings of fact are supported by substantial evidence or

3 the law was correctly applied by the ALJ are questions subject to

4 the harmless error standard).

5      Plaintiff contends the ALJ erred when he concluded she could

6 perform light work, based on the limitations noted by Drs. Gomez and

7 Mauch.  As noted above, Dr. Damon's examination provides support for

8 the limitation to light work, including an ability to perform fine

9 finger manipulation.  As discussed previously, the ALJ correctly

10 concluded there were no severe mental impairments.  The record

11 supports a finding Plaintiff performed work at the SGA level as a

12 cashier.[2]  (Tr. at 214, 215, 218.)  Plaintiff last worked in 2000,

13 after the alleged onset date, as a cashier; Plaintiff was fired from

14 that job, not because of disability but because she could not work

15 Saturdays.  (Tr. at 386.)  Thus, the ALJ did not error in concluding

16 Plaintiff could perform her past relevant work as a cashier.

17 Accordingly,

18      **IT IS ORDERED**:

19      1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 9)** is

20 **DENIED;** the Complaint and claims are **DISMISSED WITH PREJUDICE**.

21      2. Defendant's Motion for Summary Judgment dismissal **(Ct. Rec.**

22 **13)** is **GRANTED.**

23

---

24      [2]The DICOT definition of cashier, 211.462-014, provides for

25 only occasional stooping, kneeling and crouching, with no climbing,

26 or balancing.  Finger dexterity required is that used by the middle

27 one-third of the population; constant fingering (more than 2/3 of

28 the time) is required also .

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING
ENTRY OF JUDGMENT FOR DEFENDANT   - 13

1     3.    The District Court Executive is directed to file this Order

2  and provide a copy to counsel for Plaintiff and Defendant.    The file

3  shall be **CLOSED** and judgment entered for Defendant.

4     DATED May 17, 2005.

5

6                          S/ CYNTHIA IMBROGNO
                    UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING
ENTRY OF JUDGMENT FOR DEFENDANT    - 14